United States District Court
Southern District of Texas
**ENTERED**
September 22, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AQUILLA MCCULLOUGH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:19-CV-00230 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Defendant's Motion for Summary Judgment. *See* Dkt. 19. After careful review of the summary judgment briefing, the video of the incident in dispute, and the relevant case law, I **RECOMMEND** that the motion be **GRANTED**.

## BACKGROUND

On July 30, 2017, Plaintiff Aquila McCullough ("McCullough") went to a store owned by Wal-Mart Stores Texas, LLC ("Wal-Mart") located in Bay City, Texas. While walking through the store, McCullough slipped and fell on an advertisement poster that had fallen to the floor approximately 13 seconds before her accident. The store's video surveillance camera captured the entire incident in vivid color, eliminating any question as to what happened that day.

At 6:52:11 pm, the video shows nothing on the ground in the front entryway of the Wal-Mart store (there is a sign hanging from the ceiling visible in the middle of the screen):



Dkt. 26. Just two seconds later, at 6:52:13 pm, the advertising poster is clearly visible resting on the floor, having fallen from a sign nearby.



*Id.* Then, at 6:52:24, just 13 seconds after the advertising poster first appeared on the ground, McCullough slips and falls after walking on the poster.



*Id.*

In June 2019, roughly two years after her fall, McCullough filed suit in state court, alleging that she suffered severe injuries and incurred damages as a result of this incident. Wal-Mart timely removed the case to federal court, and the parties engaged in discovery before Wal-Mart filed the instant Motion for Summary Judgment. In its motion, Wal-Mart contends that McCullough cannot establish Wal-Mart owed her a duty of care because the advertising poster on the ground was open and obvious. Alternatively, Wal-Mart argues that summary judgment is appropriate because it did not have actual or constructive knowledge of the poster's presence on the floor prior to McCullough's fall.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is "genuine" if the evidence, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenont v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986).

A summary judgment movant who does not bear the burden of persuasion at trial can satisfy its initial burden on the motion by pointing to the non-movant's lack of evidence to support an essential element of its claim or defense. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A movant may also satisfy its initial burden by producing evidence that negates an essential element of the non-movant's claim or defense. *See id.*

If the movant carries that initial burden, the burden shifts to the party opposing the motion to present competent summary judgment evidence showing the existence of a genuine fact dispute. *See Matsushita*, 475 U.S. at 586–87. "[T]he nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of [her] pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Rather, the nonmoving party must "go beyond the pleadings" and submit competent summary judgment evidence "showing that there is a genuine issue for trial." *Adams v. Travelers Indem. Co. of Conn.*,

4

465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks and citation omitted). *See also Matsushita*, 475 U.S. at 586 (To avoid summary judgment, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts."). Significantly, conclusory allegations and unsubstantiated assertions do not satisfy the non-movant's summary judgment burden. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

"In assessing whether genuine disputes of material fact exist, the court may not undertake to evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes." *Matter of Green*, 968 F.3d 516, 520 (5th Cir. 2020) (internal quotation marks and citation omitted). The court "must instead view all facts in favor of the non-moving party," and draw all reasonable inferences in the non-movant's favor. *Id.*

### TEXAS PREMISES LIABILITY LAW

"Generally, premises owners . . . have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). That said, it is well established that a premises owner is not an insurer of a visitor's safety. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). The Supreme Court of Texas has repeatedly stressed "that premises owners are not strictly liable for conditions that result in injury." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102 (Tex. 2000). Thus, "[t]here is no liability for harm resulting from conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care."

5

*Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 4 (Tex. 1996) (quoting W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 61, at 426 (5th ed. 1984)).

To prevail on a premises-liability claim under Texas law, a plaintiff must establish that: (1) the property owner had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the property owner did not exercise reasonable care to reduce or eliminate the unreasonably dangerous condition; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk proximately caused the invitee's injuries. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

The existence of actual or constructive notice of a premises defect is a threshold requirement in a premises liability case. *See Henkel*, 441 S.W.3d at 251. To have actual notice of a dangerous condition, the property owner must know of the condition and fail to take reasonable steps to ameliorate the risk. *See Keetch*, 845 S.W.2d at 265.

Constructive knowledge can be established "by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *CMH Homes, Inc.*, 15 S.W.3d at 102. This so-called "time-notice rule" is "firmly rooted in [Texas] jurisprudence," and "based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815–16 (Tex. 2002). The "time-notice rule" emerged from the reluctance of courts to hold storekeepers liable unless a plaintiff could show "that a foreign substance was on the floor for some length of time because it is unjust to hold the proprietor liable for the carelessness of some

6

person over whom he has no control, *unless he had a reasonable opportunity to discover the dangerous condition.*"  *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 297 (Tex. 1983) (quoting *Coffee v. F. W. Woolworth Co.*, 536 S.W.2d 539, 541 (Tex. 1976)).

## ANALYSIS

As noted above, to recover on her premises liability claim, McCullough must show that Wal-Mart actually or constructively knew of a condition on its premises that posed an unreasonable risk of harm, failed to use reasonable care to reduce or eliminate that condition, and McCullough suffered injuries as a result. *See Keetch*, 845 S.W.2d at 264.

As far as actual notice is concerned, there is absolutely no evidence that a Wal-Mart employee possessed actual awareness of the fallen advertising poster and failed to remedy the risk of harm. The video surveillance clearly establishes that the Wal-Mart employee was looking away from the fallen poster.[1] His face and feet are facing the opposite direction from where McCullough fell, and he unquestionably did not see the poster falling on the ground or McCullough slipping and tumbling to the floor. The burden is on McCullough to come forward with some evidence of actual knowledge. It is not sufficient to speculate, as McCullough does, that the Wal-Mart employee standing nearby might have

---

[1] As the Fifth Circuit has explained:

> Although we review evidence in the light most favorable to the nonmoving party, we assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene. A court of appeals need not rely on the plaintiff's description of the facts where the record discredits that description but should instead consider "the facts in the light depicted by the video tape."

*Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (quoting *Scott v. Harris*, 550 U.S. 372, 381 (2007)).

7

seen the poster fall to the floor. Because there is no evidence of actual notice, McCullough's only way to avoid summary judgment is to show constructive notice.

To establish constructive notice, McCullough needs to present summary judgment evidence showing that the fallen poster existed for so long that Wal-Mart should have discovered it and removed it in the exercise of ordinary care. *See Reece*, 81 S.W.3d at 816 ("Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition"); *Gonzalez*, 968 S.W.2d at 936 (A plaintiff seeking to prove constructive notice must show "that it is much more likely than not that the dangerous condition existed long enough to give the [premises owner] a reasonable opportunity to discover the condition.").

The uncontroverted video evidence shows that the advertising poster fell on the floor and remained there for, at most, 13 seconds before McCullough slipped and fell on it. That's right, 13 seconds. As a matter of law, such a short time period is inadequate to give rise to constructive notice. Indeed, "[a] dangerous condition that has existed for forty-five minutes or less has been considered to be legally insufficient to show constrictive knowledge." *Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 580 (S.D. Tex. 2012) (collecting cases). Not surprisingly, I have not uncovered a single case in the Lone Star State that comes anywhere close to suggesting that a premises owner has a reasonable opportunity to discover and remedy a hazard existing on the floor for a mere 13 seconds. *See Shirey v. Wal-Mart Stores Tex., LLC*, NO, H-15-3368, 2017 WL 1177967, at *3 (S.D. Tex. Mar. 30, 2017) (granting summary judgment for a lack of constructive notice when a

8

single grape fell on the floor and remained there without a Wal-Mart employee noticing it for approximately 17 minutes before plaintiff slipped and fell).

A Wal-Mart greeter was stationed just a few feet from where the poster fell on the ground, but it is well-established that an employee's mere proximity to a dangerous condition is not enough to raise a fact issue as to whether a premises owner had constructive notice of the condition. *See Reece*, 81 S.W.3d at 816 ("An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was *possible* for the premises owner to discover the condition, not that the premises owner reasonably *should* have discovered it.").

The Supreme Court of Texas's opinion in *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566 (Tex. 2006), is instructive. In that case, a Wal-Mart shopper claimed that her toe and sandal became entangled in an empty plastic six-pack ring on the floor, causing her to go down on one knee and injure herself. *See id.* at 567. Because there was no evidence that Wal-Mart created or knew of the hazard, the plaintiff hung her hat on constructive knowledge. Noting that the six-pack ring was resting on the floor "directly behind" a Wal-Mart employee, "within 3-5 feet of her" for 30 to 45 seconds, the plaintiff argued that Wal-Mart had a reasonable opportunity to discover the dangerous condition. *Id.* The Court disagreed, reinstating the trial court's summary judgment for a lack of constructive knowledge. As the Texas high court observed:

> To find constructive knowledge, jurors would have to find the employee should have noticed the plastic ring behind her. Had there been evidence it had been on the floor for an extended period of time, reasonable jurors might assume that the employee should have seen it unless she sidled into the aisle

9

>or never took her eyes off the shelves. But on this record, that would be pure speculation.

*Id.* at 568. If a plastic six-pack ring resting on the ground for 30 to 45 seconds is insufficient to charge a premises owner with constructive notice, the 13 seconds the advertising poster was on the ground in the instant case presents an even easier case. McCullough has failed to show that Wal-Mart had a reasonable opportunity to discover and cure the allegedly dangerous condition.

In sum, the summary judgment evidence does not show that Wal-Mart placed the poster on the floor. There is also nothing in the record to indicate that Wal-Mart knew the poster was on the floor and failed to remove it before McCullough fell. Finally, the 13 seconds the poster rested on the floor was not long enough to give Wal-Mart a reasonable opportunity to discover it. Considering the evidence in the light most favorable to McCullough, I find that there is no evidence to support the conclusion that Wal-Mart had actual or constructive knowledge of an unreasonably dangerous condition. Summary judgment should be granted in favor of Wal-Mart.[2]

---

[2] Wal-Mart also argues that McCullough's premises liability claim fails because the advertising poster on the floor represented an open and obvious condition, thus eliminating any duty Wal-Mart might have owed McCullough relative to the poster. *See Austin v. Kroger Texas, LP*, 465 S.W.3d 193, 204 (Tex. 2015) ("[S]ince there is no need to warn against obvious or known dangers, a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee."). I need not reach this argument since I have found that Wal-Mart lacked actual or constructive notice of the allegedly hazardous condition. Nonetheless, I must admit that Wal-Mart's position does not persuade me. A hazard is open and obvious when the risk is appreciable by a person of ordinary experience and judgment. *See Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 516 (Tex. 1978). Examples of open and obvious conditions include walking into an open manhole, entering a darkened stairway, or driving into flood waters. I am reluctant to conclude, as a matter of law, that a poster lying on the floor is an open and obvious condition when advertising decals and stickers are often placed on the ground in restaurants and stores in today's society. To me, it is possible that McCullough assumed that the dangerous poster was actually a

**CONCLUSION**

For the reasons stated above, I recommend that Defendant's Motion for Summary Judgment (Dkt. 19) be **GRANTED** and this case dismissed.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 22ⁿᵈ day of September, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

decal/sticker which would not slide from under her if she stepped on it. At a bare minimum, I do not believe I could decide at the summary judgment stage that the poster constituted an open and obvious condition, negating any duty on behalf of Wal-Mart.